J-A05012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ALLEN FEINGOLD | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SOCRATES VASILIADIS, PROGRESSIVE NORTHERN INSURANCE COMPANY, DAVID FRIEDMAN AND FORRY ULLMAN | |
| Appellees | No. 1277 EDA 2014 |

Appeal from the Order March 18, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 03630

BEFORE:  GANTMAN, P.J., SHOGAN, J., and ALLEN, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED JANUARY 30, 2015**

Appellant, Allen Feingold, appeals from the orders entered in the Philadelphia County Court of Common Pleas, which sustained the preliminary objections of Appellees Progressive Northern Insurance Company, David Friedman and Forry Ullman, to dismiss Appellant's complaint.  We quash this appeal, as the claim against Appellee Socrates Vasiliadis is still pending.

> The appealability of an order directly implicates the jurisdiction of the court asked to review the order.  [T]his Court has the power to inquire at any time, *sua sponte*, whether an order is appealable.  Pennsylvania law makes clear:
>
> > [A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a

collateral order (Pa.R.A.P. 313).

Pennsylvania Rule of Appellate Procedure 341 defines "final orders" and states:

> **Rule 341.  Final Orders; Generally**
> **(a)  General Rule.**  Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.
> **(b)  Definition of final order.**  A final order is any order that:
>    (1) disposes of all claims and of all parties; or
>    (2) is expressly defined as a final order by statute; or
>    (3) is entered as a final order pursuant to subdivision (c) of this rule.
> **(c)  Determination of finality.**  When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim…the trial court…may enter a final order as to one or more but fewer than all of the claims…only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order…that adjudicates fewer than all the claims…shall not constitute a final order.  …
>
> Pa.R.A.P. 341(a)-(c).   [Thus, u]nder Rule 341, **a final order can be one that disposes of all the parties** and all the claims, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court's determination under Rule 341(c).

*In re Estate of Cella*, 12 A.3d 374, 377-78 (Pa.Super. 2010) (some internal citations and quotation marks omitted) (emphasis added).

Instantly, Appellant admits he failed to serve Socrates Vasiliadis with the initial complaint or any subsequent filings in this action.  (**See** Appellant's Brief at 7, 8.).   Thus, Rule 341(b)(1) provides us with no

appellate jurisdiction, given that the claims against Mr. Vasiliadis are still pending. ***See generally PNC Bank, N.A. v. Unknown Heirs***, 929 A.2d 219, 228 (Pa.Super. 2007) (stating: "If the plaintiff has failed to effectuate valid service and if the defendant lacks notice of the proceedings against him, the court has no jurisdiction over the party…").[1] Until Appellant obtains the trial court's determination of finality, acquires this Court's permission to appeal per Chapter 13 of the appellate rules, or obtains leave of court to discontinue his case against Mr. Vasiliadis, we lack jurisdiction to entertain the appeal as filed.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2015

---

[1] Appellant makes no argument that the orders appealed from are expressly defined as final by statute or were entered as final by the trial court. ***See*** Pa.R.A.P. 341(b)(2), (b)(3). Likewise, Appellant does not qualify the orders on appeal as interlocutory as of right or collateral to the main cause of action. ***See*** Pa.R.A.P. 311; 313.